IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LAVERIA HARPER (as Personal Representative of the Estate of Lorine McAfee), <br><br> *Plaintiff,* <br><br> v. <br><br> JEFF MCANDREWS and HARRISON COUNTY, TEXAS, <br><br> *Defendants*. | § § § § § § § § § § § § § § <br><br> Case No. 2:18-cv-00520-RSP |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff's Amended Motion to Exclude Defendants Experts and Brief in Support Thereof. (**Dkt. No. 103**.) Having considered the Motion and the subsequent filings of the parties, the Court finds that it should be largely denied as provided below. The procedural history, factual background and legal framework have recently been addressed in the Memorandum Order regarding Defendants' motion to exclude the testimony of Plaintiff's expert. Those need not be repeated here.

I.    **ANALYSIS**

Robert Vine is a Police Chief from Dayton, Ohio, who is offering opinions for Defendants on law enforcement issues. Plaintiff first complains of Vine's opinions regarding McAndrew's state of mind and legal conclusions. (Mot. at 5.). Plaintiff argues that Vine's supplemental report addresses McAndrews' thoughts at the time of the incident and amounts to mere speculation. (*Id*. at 6.) Plaintiff further faults Vine for failing to cite or review particular evidence, instead merely parroting McAndrews, and generally offering nothing that would not be better left to attorney argument or the jury. (*Id*. at 6-7.) In particular, Plaintiff identifies Vine's Supplemental Opinions

# 2, 3, and 4, as mere speculation and not within Vine's expertise. (*Id*. at 8-9.) These opinions provide affirmative answers to the questions:

- "If an aggressive subject has control of a Taser in a confined area with no plausible safe escape by the officer, can deadly force be used by the Officer?
- If a subject is trying to gain control of an Officer's handgun, can an Officer use deadly force?
- Based on your detailed factual review of the facts in this case, was Deputy Andrews justified in using deadly force in your professional opinion?" (Dkt. 103-2 at 1.)

Plaintiff argues the opinions on each of these is directed to the legal standard at issue or McAndrews' mental state, and thus beyond permissible expert testimony. (Mot. at 8.)

Defendants counter that Vine's testimony relates to "the facts of Sgt. McAndrews' behavior, such as how he moves and the tone and volume of his voice as indicators of his level of stress in the minutes before he entered Mr. McAfee's trailer." (Opp. at 3.) In particular, defendants point to Vine's conclusions that "these things were 'indications' that McAndrews was 'not operating under a heightened, or elevated, sense of urgency on this particular call' and that 'McAndrews did not appear to be reacting to the given circumstances unreasonably, with undue excitement, nor did his behavior appear aggressive." (*Id*. at 3-4.) Such testimony will be addressed on the basis of contemporaneous objections.

Neither the Plaintiff's expert nor the Defendants' expert will be permitted to offer an opinion on whether Mr. McAfee had possession of the taser or was struggling to take Sgt. McAndrews' gun, but they will be allowed to expressly assume the facts on those issues and offer an opinion on whether use of deadly force was thereby justified or not. Both experts will be

allowed to comment on parts of the evidence that the jury will hear, which the experts think points one direction or another.

Second, Plaintiff complains that Vine's opinions generally are contradicted by the evidence or simply ignore a lack of evidence. (Mot. at 6-7.) Plaintiff contends "Vine did not take any other statements into consideration other than what Defendant McAndrews stated took place nor did he review all the available evidence, including photographs, to reach an opinion." (*Id*. at 6.)

Defendants contend that Vine reviewed all pertinent material, in particular the report of the investigation of the Texas Rangers, the body camera video of Mc Andrews, and the pleadings of the parties. (Opp. at 2.) Defendants note the Texas Ranger report includes statements of McAndrews and Lorine McAfee, the eyewitnesses to the event. (*Id*. at 2-3.) Defendants further note that Vine addresses plaintiff's law enforcement expert's opinions. (*Id*. at 3.)

The Court finds Vine's review of the relevant evidence is not grounds for striking his testimony here. Rather, Vine reviewed the evidence he apparently found most probative and applied weight according to his expertise. Thus, plaintiff's complaints here are best left for "vigorous cross-examination." *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002).

Finally, Plaintiff argues that Vine's expertise and evidentiary support regarding the policy and procedures of Harrison County, particularly relating to the police use of tasers, is lacking. (Mot. at 7-8.) Plaintiff particularly calls out Vine's Supplemental Opinion #1 relating to the use of a Taser. (*Id*. at 8.) Plaintiff contends this testimony is counter to the evidence, in particular the testimony of Lorine McAfee, and faulty as Vine is not a taser instructor. (*Id*.) Defendants contend Vine reviewed all relevant testimony and is qualified to testify as an expert based on his 21 years

of experience in law enforcements, certification as a Texas Commission on Law Enforcement Instructor, and his Master's Peace Officer License. (Opp. at 2.)

The Court finds, as noted above, the level of evidence review performed by Vine is a matter for vigorous cross-examination. Further, the Court finds that Vine possesses sufficient expertise to provide useful opinions to the jury on the use of a taser. While Vine may not be a taser instructor, his long experience in law enforcement and related qualifications suggest he is able to provide expert opinions on the use of a taser in the law enforcement context. As noted already, whether Sgt. McAndrews was using his taser properly that day is not relevant to the issues of this case. Whether the County provided him proper training is, however, relevant. It goes to whether his training allowed him to properly understand the risk he faced upon losing control of the taser to Mr. McAfee, if indeed that happened. The testimony will be limited to the relevant issues.

## II.     CONCLUSION

Except as otherwise noted above, Plaintiff's Motion to Exclude Defendants' Expert is denied.

**SIGNED this 16th day of January, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE